UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN RANNEY,

       Plaintiff,

v.

DOLGENCORP, LLC,
d/b/a DOLLAR GENERAL,

       Defendant.
_____/

Case No. 23-12550
Hon. Jonathan J.C. Grey

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (ECF No. 18) AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 21)**

This is a premises liability case. Defendant Dolgencorp, LLC d/b/a Dollar General's ("Dollar General") filed a motion for summary judgment (ECF No. 18), Plaintiff Susan Ranney's motion to amend/correct her complaint (ECF No. 21). For the reasons that follow, the Court **GRANTS** Dollar General's motion for summary judgment (ECF No. 18) and **DENIES** Ranney's motion to file an amended complaint (ECF No. 21).

I.    BACKGROUND

The only evidence presented by either party is the deposition of Ranney, and the following facts are undisputed for the purposes of the

instant summary judgment motion. (ECF No. 18-1.) On September 16, 2020, Ranney went shopping at a Dollar General store located in North Branch, Michigan. While she was shopping, the railing of a stock cart fell and hit the bottom half of the stock cart, generating a loud noise. (ECF No. 18-1, PageID.151–153.) The noise startled Ranney, causing her to throw herself to the ground. (*Id.* at PageID.153, 167.) She specifically stated that "[w]hen [the bar of the stock cart] went down, I went down. Whether it was the sound that threw me or the extreme loudness, I took my corner, when that went down, I went down." (*Id.* at PageID.152.)

Ranney further testified that the bar of the stock cart was not close enough to hit her, even if she had not moved. (*Id.* at PageID.167.) There was nothing slippery on the floor and Ranney did not trip over anything in the aisle. (*Id.* at PageID.153.) After the incident, an employee of Dollar General told Ranney that the "cart's thing comes unlatched, and that's how it fell down." (*Id.* at PageID.151.)

There is no photograph of the cart at issue in the record, and the size and dimensions of the stock cart are unclear. Ranney described it as a "metal cart that can hold like several boxes." (*Id.* at PageID.151.) The summary judgment motion was filed two months prior to the original

2

close of discovery, and five months prior to the amended close of discovery. (ECF No. 18.)

## II. STANDARD

The Federal Rules of Civil Procedure provide that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A court may grant summary judgment prior to the close of discovery where further discovery "would not provide relevant evidence on the single dispositive issue in this case." *Grimmett v. Dace*, 34 F. Supp. 3d 712, 727 n.19 (E.D. Mich. 2014) (citing *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)); *see also United States v. Miami Univ.*, 294 F.3d 797, 815–816 (6th Cir. 2002).

## III. ANALYSIS

### A. Motion to Amend (ECF No. 21)

Generally, leave to amend should be liberally granted. However, the Court should deny the motion where the amended complaint would not survive a motion to dismiss. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Ranney seeks to amend her complaint to allege that the noise caused her injury. However, both parties addressed Ranney's noise theory of liability in their summary judgment briefing. For the following analysis, the Court assumes that Ranney was injured by the noise, as alleged in her proposed amended complaint. (*See* ECF No. 21.)

Although this case is currently before the Court on a summary judgment motion, even under the motion to dismiss standard and Federal Rule of Civil Procedure 12(b)(6), Ranney's amended complaint fails to state a claim for which relief can be granted as outlined below. Consequently, Ranney's motion for leave to amend (ECF No. 21) is **DENIED**.

### B. Motion for Summary Judgment (ECF No. 18)

In a premises-liability action, a plaintiff must prove the standard elements of negligence which are: (1) that the defendant owed the

4

plaintiff a duty; (2) that the defendant breached that duty; (3) causation; and (4) damages. *Quinto v. Woodward Detroit CVS, LLC*, 850 N.W.2d 642, 644 (Mich. Ct. App. 2014) (citation omitted).

Whether a defendant owed a plaintiff a duty is a question of law for the court to decide. *Anderson v. Wiegand*, 567 N.W.2d 452, 454 (Mich. Ct. App. 1997) (citation omitted). It is undisputed that Ranney was an invitee and therefore Dollar General owed her a duty to exercise reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition of the land. *Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44, 72 (Mich. 2023).

To prevail on her premises liability claim, Ranney must show that: (1) that there was a dangerous condition on the land; and (2) the premises owner had reason to anticipate the harm that the condition would cause. *Gabrielson v. Woods Condo. Ass'n, Inc.*, No. 364809, 2024 WL 56376 at *4 (Mich. Ct. App. Jan. 4, 2024).

Dollar General's sole argument in support of its motion for summary judgment is that a loud noise is not a dangerous condition of the land, and it consequently has no duty to warn or protect against such a noise. (ECF No. 18, PageID.87–88.) In response, Ranney argues that it

5

was foreseeable that a customer would jump away from a loud noise and that the defective latch on the stock cart constituted a dangerous condition of which Dollar General had notice. (ECF No. 19, PageID.184.)

Neither party has cited any Michigan cases relevant to the question of if a noise can constitute an unreasonably dangerous condition, or what can constitute a dangerous condition generally. Further, neither party has identified a case in which a plaintiff was injured while avoiding a dangerous condition, for example, jumping to avoid a falling item. However, Dollar General has cited two nonbinding federal cases as guidance for the Court, *Phifer v. Du Pont Country Club, Inc.*, 138 F. App'x 446 (3d Cir. 2005) (unpublished) and *Long v. CSX Transp., Inc.*, 849 F. Supp. 594 (S.D. Ohio 1993).

In *Phifer*, the plaintiff was injured on the premises of Du Pont Country Club (the "Club"). 138 F. App'x at 447. The relevant facts are as follows. While exiting the Club, Phifer:

> heard a loud noise originating from the direction of a white-colored truck parked in the Club's circular driveway adjacent to the main doors. Phifer believed that the truck was being unloaded at the time. Phifer does not allege that the noise was caused by the truck or by the alleged unloading of its contents. Phifer looked in the direction of the noise when, at roughly the same time, an unknown male, startled by the noise, leapt into her path and collided with her; there is no allegation that

6

> this male was employed by the Club. The collision caused Phifer to be thrown into the air and she landed on her back on the concrete stairs, causing her injuries.

*Id.*

The Third Circuit stated that it "fail[ed] to see" how a loud noise from objects being unloaded or perhaps dropped from a truck "amounts to an unreasonably dangerous condition." *Phifer*, 138 F. App'x at 448 (applying Delaware law). It also found that the collision with the unknown man was a superseding cause, which was unforeseeable to the defendant. *Id.* at 448–449. The underlying district court decision in *Phifer* partially relied on the fact that the plaintiff did not explain how the action of unloading boxes constituted an unreasonably dangerous condition. *Phifer v. E.I. Dupont De Nemours & Co.*, No. 03-0327-SLR, 2004 WL 32940 at *2 (D. Del. Jan. 5, 2004); *see also Phifer v. E.I. Du Pont De Nemours & Co.*, No. 03-0327-SLR, 2004 WL 1305847 (D. Del. June 7, 2004).

In *Long*, applying federal law relating to the Federal Employer's Liability Act, the district court stated that it was not "reasonably foreseeable to defendant that an employee could suffer an injury while cleaning an axle by suddenly standing upright in response to an

7

exceptionally loud noise and striking his head on the arm of a buffer machine." 849 F. Supp. at 597. However, the court based its opinion on the fact that the plaintiff "failed to submit more than a scintilla of evidence indicating that the accident he suffered was reasonably foreseeable to defendant." *Id.*

The Court finds the reasoning of the above cases persuasive. As the *Long* court suggested, the central issue in cases such as these is foreseeability. This is properly addressed in the causation analysis under Michigan law. This makes sense given the possibility of cases such as this one, where noise is caused by a dangerous condition of the land. That noise, in turn, caused Ranney's injuries. The central question hinges on whether or not it was foreseeable that the stock cart would cause an injury in this way. The Court finds that Ranney has not provided sufficient evidence on the issue of causation and that viewing the allegations in the proposed amended complaint as true, Ranney fails to state a claim for which relief can be granted.

Proximate cause considers whether the harm caused to the plaintiff "was the general kind of harm the defendant negligently risked." *Ray v. Swager*, 903 N.W.2d 366, 371 (Mich. 2017) (quotation marks and citation

8

omitted). A plaintiff may rely on circumstantial evidence to establish causation, but the circumstantial proof "must facilitate reasonable inferences of causation, not mere speculation." *Skinner v. Square D Co.*, 516 N.W.2d 475, 480 (Mich. 1994).

Proximate cause is typically a jury question, but the court should rule as a matter of law if reasonable minds could not differ. *Paparelli v. Gen. Motors Corp.*, 179 N.W.2d 263, 264 (Mich. Ct. App. 1970). To overcome summary judgment, the plaintiff must "come forward with evidence supporting that the actual cause was proximate, meaning that it created a foreseeable risk of the injury the plaintiff suffered." *Nathan, Tr. of Est. of Charles v. David Leader Mgmt., Inc.*, 995 N.W.2d 567, 521 (Mich. Ct. App. 2022) (quoting *Est. of Taylor by Taylor v. Univ. Physician Grp.*, 941 N.W.2d 672, 677 (2019)).

Dollar General states that "there is no basis to conclude that it was reasonably foreseeable that this noise would cause Plaintiff to injure herself in this way" and Ranney provides no argument or evidence to dispute this. (ECF No. 18, PageID.89.) In the absence of any developed argument or factual development, the Court finds that no reasonable jury could find that there was a foreseeable risk of the injury Ranney suffered.

9

For that reason, Dollar General's motion for summary judgment is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Dollar General's motion for summary judgment (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ranney's motion to file an amended complaint (ECF No. 21) is **DENIED**, as an amendment would be futile.

**SO ORDERED.**

Dated:  August 25, 2025

**s/ Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

**s/ S. Osorio**
**Sandra Osorio**
**Case Manager**
